OPINION
{¶ 1} On July 8, 2004, the Muskingum County Grand Jury indicted appellant, Russell Emrick, Sr., on one count of illegal manufacturing of drugs (methamphetamine) in violation of R.C.2925.04(A), one count of illegal assembly or possession of chemicals for manufacturing of drugs in violation of R.C.2925.041(A) and one count of aggravated possession of drugs (methamphetamine) in violation of R.C. 2925.11(A).
 {¶ 2} On September 27, 2004, appellant pled guilty to the charges. By entry filed November 16, 2004, the trial court sentenced appellant to an aggregate term of five years in prison.
 {¶ 3} On January 28, 2005, appellant filed a petition for postconviction relief/request to modify and/or reduce sentence. By judgment entry filed March 7, 2005, the trial court denied said motion.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE TRIAL COURT DENIED APPELLANT REDRESS BY ADDRESSING APPELLANT'S PETITION FOR POST-CONVICTION RELIEF INADEQUATELY: VIOLATING THE FIRST FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION:"
 II {¶ 6} "THE TRIAL COURT ERRED IN SENTENCING APPELLANT ABOVE THE `REQUIRED MINIMUM TERM' WITHOUT ENHANCING ELEMENTS BEING FOUND BY A JURY OR WAIVER OF JURY FINDINGS BY APPELLANT: A VIOLATION OF THE SIXTH AND FOURTEEN AMENDMENTS OF THE UNITED STATES CONSTITUTION:"
 III {¶ 7} "TRIAL COUNSEL FAILED TO PROVIDE EFFECTIVE ASSISTANCE PRIOR TO AND DURING SENTENCING: VIOLATING THE SIXTH FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION:"
 I, II, III {¶ 8} Appellant claims the trial court inappropriately titled his petition for postconviction relief as a request to modify or reduce his sentence. We disagree.
 {¶ 9} Appellant styled his January 28, 2005 postconviction petition as "Request to Modify and/or Reduce Sentence." Therefore, we find the trial court's characterization of appellant's filing not to be in error.
 {¶ 10} Appellant also claims the trial court erred in denying the petition. We disagree.
 {¶ 11} The issues raised in appellant's petition include sentencing error under Blakely v. Washington (2004),524 U.S. 296, and ineffective assistance of trial counsel.
 {¶ 12} The final entry of conviction was filed on November 16, 2004. The United States Supreme Court issued its decision inBlakely on June 24, 2004. Any claims under Blakely were cognizable on direct appeal and are res judicata to a postconviction petition. Appellant filed his notice of direct appeal on February 28, 2005. Furthermore, this court has determined that Blakely does not apply to the Ohio General Assembly legislative sentencing scheme. See, State v. Iddings
(November 8, 2004), Delaware App. No. 2004CAA06043, ¶ 12, 20-21.
 {¶ 13} As for the ineffective assistance of counsel claim, said claim is a matter for direct appeal, and appellant does not argue any issues dehors the record to qualify the claim under a petition for postconviction relief. Apart from the Blakely
argument which we have already addressed, appellant claims his trial counsel should have participated more during the presentence investigation and sentencing hearing. Appellant asserts his trial counsel gave the trial court an inadequate impression of appellant's denial of his substance abuse problem. In reviewing the transcript from the sentencing hearing, we find defense counsel specifically elicited from the presentence investigation officer, Melanie Richert, that appellant admitted he was addicted to methamphetamine, he had no previous felony convictions and he was remorseful for his actions. T. at 6-7.
 {¶ 14} Appellant filed a supplemental brief on November 8, 2005 arguing his trial counsel did not object to Ms. Richert's testimony during the sentencing hearing. Because the supplemental brief was untimely filed and raised a new issue, the brief is stricken.
 {¶ 15} Upon review, we find appellant did not raise any evidentiary quality issues in the postconviction petition to rise to the level mandated by R.C. 2953.21.
 {¶ 16} Assignments of Error I, II and III are denied.
 {¶ 17} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.
Farmer, J. Gwin, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio is affirmed.